IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAYMOND HILL, : | |
|    Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 25-CV-5678 |
| : | |
| JUDGE MARC J. LIBERMAN, *et al.*, : | |
|    Defendants. : | |

**MEMORANDUM**

**PADOVA, J.**                                                                                     **DECEMBER 8, 2025**

Plaintiff Raymond Hill, a pretrial detainee, filed this *pro se* civil rights action under 42 U.S.C. § 1983, naming as Defendants Pennsylvania Magisterial District Judge Marc Lieberman, the West Chester Police Department, three of the department's officers (Officer Douglas Gilbert, Officer Aaron Diefenderfer, and Officer Turner), the public defender who was appointed to his state criminal case (P.J. Redmond), and the Commonwealth of Pennsylvania.[1] (ECF No. 3 at 2.) Hill seeks leave to proceed *in forma pauperis*. (*See* ECF Nos. 1 and 2.) For the following reasons, the Court will grant Hill leave to proceed *in forma pauperis*, dismiss his Complaint in part pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and stay the remaining claims pursuant to the principles of *Younger v. Harris*, 401 U.S. 37 (1971).

---

[1] Hill misspelled the judge's name in his Complaint as "Liberman;" the correct spelling is "Lieberman."

I.     **FACTUAL ALLEGATIONS**[2]

Hill is a pretrial detainee incarcerated at Chester County Prison awaiting trial on three criminal matters pending against him in the Chester County Court of Common Pleas. *See Commonwealth v. Hill*, CP-15-CR-0001493-2024 (C.P. Chester); *Commonwealth v. Hill*, CP-15-CR-0001496-2024 (C.P. Chester); *Commonwealth v. Hill*, CP-15-CR-0002396-2024 (C.P. Chester). Trial on the pending criminal charges in those cases is currently scheduled for December 8, 2025. *See, e.g.*, Docket, Commonwealth v. Hill, CP-15-CR-0002396-2024 (C.P. Chester), at 3 of 16. Hill's claims in the instant case apparently pertain to the charges against him in Docket Number CP-15-CR-0002396-2024. (ECF No. 3-1 at 10.) Hill states that he was arrested on May 3, 2024, while he stood next to his vehicle in a parking lot waiting for a friend to return from a nearby store. (Compl. at 3.) Two West Chester police officers approached him with weapons drawn. (*Id*.) The officers allegedly told Hill that they were placing him under arrest pursuant to a felony warrant. (*Id*.) Hill claims that, sixteen months after the arrest, he requested a search of records with the Chester County Court Record Room and the search yielded no records of arrest warrants for him in Chester County. (*Id*.) Hill also later requested body cam footage of the arrest and claims that the Chester County Prison possesses the thumb drive containing the video. (*Id*. at 4.)

At the time of Hill's arrest on May 3, officers seized his vehicle and towed it to the West Chester large evidence room. (*Id*. at 3.) Police obtained a search warrant of the car, either on

---

[2] The factual allegations set forth in this Memorandum are taken from Hill's handwritten Complaint ("Compl.") and attached documents. (*See* ECF No. 3.) The Court deems the entire submission to constitute the Complaint and adopts the pagination supplied by the CM/ECF docketing system. The Court may also consider matters of public record when conducting a screening under § 1915. *Castro-Mota v. Smithson*, Civ. A. No. 20-940, 2020 WL 3104775, at *1 n.3 (E.D. Pa. June 11, 2020) (citing *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006)).

May 4 or 5, 2024. (*Id*. at 3-4.) He asserts that the West Chester Police Department never provided paperwork about the vehicle, and he does not know where it is located. (*Id*. at 5.)

Hill maintains that he told the public defender appointed to his case, Attorney Redmond, that he should have received a copy of the arrest warrant no later than one day after his preliminary arraignment pursuant to Pennsylvania Rule of Criminal Procedure 515, but he did not. (*Id*. at 5.) Hill claims that Redmond informed him that "we don't go by [the] arrest warrant to lock you up in Chester County." (*Id.* at 5-6.) Redmond allegedly "did nothing" about the Fourth Amendment violation. (*Id.* at 4.) Hill filed a motion in April 2025 to remove Redmond from his case due to ineffective assistance of counsel, but the court denied his motion. (*Id*. at 6.) Judge Lieberman set his bail at $750,000, although, Hill alleges, he was falsely arrested. (*Id.* at 4.) Hill asked Redmond to file a motion for modification of bail, but Redmond never scheduled a pretrial hearing. (*Id*. at 6.) Presumably referring to a possible plea deal, Hill asserts that Redmond kept telling him to "take the deal" because "the DA is a sweetheart of [his]." (*Id*. at 6.) Hill also submitted a complaint about Redmond with the Judicial Board of Conduct on June 11, 2025, but it was denied. (*Id*.)

Hill filed this civil action asserting violations of his Fourth, Fifth, and Eighth Amendment rights based on his arrest and prosecution. (*Id*. at 2-3.) He claims that, as a result of the allegedly false arrest, prosecution, and incarceration, he has lost his home and all his lifetime possessions, except for the clothes he was wearing when arrested. (*Id*. at 4.) Hill's relationship with his 22-year-old son has deteriorated due to Hill's incarceration, and he is suffering from depression, mental anguish, and extreme paranoia due to his treatment by the West Chester Police Department. (*Id.* at 4-5.) As relief, Hill seeks injunctive relief in the form of release from

imprisonment and that the police officers and judge be terminated from employment. (*Id*. at 5.) He also requests $20 million in damages. (*Id*.)

## II.  STANDARD OF REVIEW

The Court will grant Hill leave to proceed *in forma pauperis* because it appears that he does not have the ability to pre-pay the fees to commence this case.[3] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). *See also Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Hill is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

---

[3] Because Hill is currently incarcerated, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

IV.    **DISCUSSION**

Hill alleges constitutional claims under the Fourth, Fifth, and Eighth Amendments. The vehicle by which constitutional claims may be asserted in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted).

"A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *see also Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 290 (3d Cir. 2018) ("Each Government official, his or her title notwithstanding, is only liable for his or her *own* misconduct." (emphasis in original) (quoting *Iqbal*, 556 U.S. at 677)); *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) ("Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'" (quoting *Rode*, 845 F.2d at 1207)).

    A.    **Improper Claims for Relief**

The Court will dismiss Hill's requests for injunctive relief, which seek his release from imprisonment based on pending state criminal charges and ask that the police officers and judge be terminated from their employment. (*See* Compl. at 5.) First, Hill's claims challenging his imprisonment because of alleged constitutional violations must be pursued in a petition for a writ of *habeas corpus* because they are not cognizable in a civil rights action. *See Jaffery v. Atl. Cnty. Prosecutor's Off.*, 695 F. App'x 38, 41-42 (3d Cir. 2017) ("[T]o the extent Jaffery seeks dismissal of the charges against him as a result of constitutional violations, such relief is only available through a writ of habeas corpus." (citation omitted)); *Duran v. Weeks*, 399 F.

App'x 756, 759 (3d Cir. 2010) (*per curiam*) ("[T]o the extent that Duran is seeking dismissal of the charges against him as a result of constitutional violations, he is essentially asking for relief only available through habeas corpus." (citation omitted)); *see generally Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (stating that when a prisoner "is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus"). Accordingly, to the extent Hill raises claims for relief in this civil rights case that seek to challenge his imprisonment on pending state criminal charges, he has failed to state a claim. *Garrett v. Murphy*, 17 F.4th 419, 430 (3d Cir. 2021) ("[W]henever a plaintiff pleads a violation of § 1983 and effectively seeks habeas relief, the plaintiff fails to state a § 1983 claim. Instead, the prisoner's only federal remedy is through a writ of habeas corpus after exhausting state remedies."). Furthermore, to the extent that Hill wants the police officers and judge to be terminated from their employment, the Court has no authority to order such relief in a Section 1983 civil rights case. *See Hall v. Carny*, Civ. A. No. 22-4094, 2023 WL 187569, at *1 n.3 (E.D. Pa. Jan. 13, 2023) (dismissing with prejudice the request that defendant be terminated from his employment); *Buskirk v. Pa. Bd. of Prob. & Parole*, Civ. A. No. 22-1826, 2022 WL 4542094, at *2 n.4 (E.D. Pa. Sept. 28, 2022) (construing plaintiff's request for the court to terminate the defendants' employment as seeking injunctive relief and holding that the court has no authority to terminate the employment of a state employee (citations omitted)). Hill's claims for relief on both grounds will be dismissed.

      B.     **Claim Against Judge Lieberman**

Hill asserts that Judge Lieberman set his bail at $750,000 "in a case [in which Hill] was falsely arrested." (Compl. at 4.) To the extent that Hill alleges a § 1983 claim against the judge,

it will be dismissed because Judge Lieberman is entitled to absolute immunity. Judges are entitled to absolute immunity from civil rights claims based on their acts or omissions taken within their judicial capacity, as long as they do not act in complete absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978) (citation omitted); *Harvey v. Loftus*, 505 F. App'x 87, 90 (3d Cir. 2012) (*per curiam*) (citing *Cleavinger v. Saxner*, 474 U.S. 193, 199 (1985)). An act is taken in a judge's judicial capacity if it is "a function normally performed by a judge." *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000). Because judges must feel free to act without fear of incurring personal liability for their actions in court, judicial immunity remains in force even if the actions are alleged to be legally incorrect, in bad faith, malicious, or corrupt, *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991), or are taken as a result of a conspiracy with others, *Dennis v. Sparks*, 449 U.S. 24, 26-27 (1980). Likewise, "grave procedural errors," "conduct[ing] a proceeding in an informal and ex parte manner," or acting "unfair[ly] or controversial[ly]" will not defeat absolute judicial immunity. *Gallas*, 211 F.3d at 769 (citations and internal quotation marks omitted).

Hill's sole apparent claim against Judge Lieberman is that he set bail in a case where Hill was allegedly falsely arrested. (Compl. at 4.) But this claim clearly arises from determinations made in Judge Lieberman's judicial capacity where he unquestionably could exercise jurisdiction as a Pennsylvania Magisterial District Judge. *See Figueroa v. Blackburn*, 208 F.3d 435, 443-44 (3d Cir. 2000) ("Generally, . . . 'where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes.'" (quoting *Barnes v. Winchell*, 105 F.3d 1111, 1122 (6th Cir. 1997))). Accordingly, Hill's claim against Judge Lieberman for money damages is barred by judicial immunity and will be dismissed. *Friend v. Vann*, 614 F. App'x 593, 596 (3d Cir. 2015) (*per curiam*) ("Friend's allegations against Judge Vann stem from her signing an

7

arrest warrant and presiding over the trial of one of Friend's acquaintances. These are official acts, which were not taken in the absence of jurisdiction, for which she is immune from suit."); *Mendoza v. Larotonda*, 270 F. App'x 157, 159 (3d Cir. 2008) (*per curiam*) ("Judge Larotonda is immune from suit for issuing the bench warrant against Mendoza because judges enjoy a comparatively sweeping form of immunity for official acts taken in their functional capacity as judges." (quotation omitted)).

### C. Claims Against Attorney Redmond

Hill's civil rights claims against Redmond for his actions as Hill's counsel in the state criminal case are not plausible because a public defender acting within his role as counsel is not a state actor for the purposes of Section 1983. *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."). "Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court." *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999) (citations omitted); *see also Clark v. Punshon*, 516 F. App'x 97, 98-99 (3d Cir. 2013) (*per curiam*) (concluding that court-appointed attorney was not a state actor for purposes of § 1983); *Webb v. Chapman*, 852 F. App'x 659, 660 (3d Cir. 2021) (*per curiam*) ("[A]ttorneys representing individuals in criminal proceedings generally are not state actors for purposes of § 1983."). Because Redmond was not a state actor when he represented Hill in his criminal action, he is not amenable to suit under 42 U.S.C. § 1983, and the claims against him will be dismissed with prejudice.

### D. Claims Against the West Chester Police Department

Hill claims that West Chester Police Department did not provide him with paperwork following the seizure of his car, and he generally states that he is fearful of the Department. (Compl. at 4-5.) But these claims cannot proceed because the West Chester Police Department is not a proper defendant under § 1983. Following the decision in *Monell v. Department. of Social Services*, 436 U.S. 658, 694 (1978), courts concluded that a police department is a sub-unit of the local government and, as such, is merely a vehicle through which the municipality fulfills its policing functions. *See e.g. Johnson v. City of Erie, Pa.*, 834 F. Supp. 873, 878-79 (W.D. Pa. 1993) (citations omitted). Thus, while a municipality may be liable under § 1983, a police department, as a mere sub-unit of the municipality, may not. *Id.*; *Martin v. Red Lion Police Dep't*, 146 F. App'x. 558, 562 n.3 (3d Cir. 2005) (*per curiam*) (stating that police department is not a proper defendant in an action pursuant to 42 U.S.C. § 1983 because it is a sub-division of its municipality (citing *Johnson*, 834 F. Supp. at 878-79)); *Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 25 (3d Cir. 1997) ("As in past cases, we treat the municipality and its police department as a single entity for purposes of section 1983 liability" (citing *Colburn v. Upper Darby Twp.*, 838 F.2d 663, 671 n.7 (3d Cir.1988)); *Hadesty v. Rush Twp. Police Dep't*, Civ. A. No. 14-2319, 2016 WL 1039063, at *9 n.4 (M.D. Pa. Mar. 15, 2016) (citations omitted). Accordingly, the West Chester Police Department and any claims alleged against it will be dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).

### E. Claims Against the Commonwealth of Pennsylvania

Although Hill names the Commonwealth of Pennsylvania as a Defendant, states are not considered "persons" for purposes of Section 1983 lawsuits. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989). Furthermore, the Commonwealth of Pennsylvania is immune

from suit for money damages under the Eleventh Amendment and has not waived that immunity for lawsuits filed in federal court. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) ("[I]n the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." (citations omitted)); *Downey v. Pa. Dep't of Corr.*, 968 F.3d 299, 310 (3d Cir. 2020) ("Pennsylvania has not waived its sovereign immunity defense in federal court."); *see also* 42 Pa. Cons. Stat. §§ 8521-22. Accordingly, the claims for money damages Hill seeks to assert against the Commonwealth of Pennsylvania may not proceed.

### F.     Claims Stayed Pursuant to *Younger*

Hill asserts Fourth Amendment claims for false arrest, false imprisonment, and malicious prosecution (*see* Compl. at 3), but, critical to the analysis here, Hill's state criminal prosecutions are ongoing. He awaits trial on the state criminal charges at the basis of this civil action, currently scheduled to begin on December 8, 2025. *See Hill*, CP-15-CR-0002396-2024. Under *Younger* abstention principles, this Court has an obligation to abstain from considering cases "that would interfere with certain ongoing state proceedings." *Malhan v. Sec'y U.S. Dep't of State*, 938 F.3d 453, 461 (3d Cir. 2019) (citing *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 77-78 (2013); *Younger*, 401 US. 31). When assessing whether *Younger* abstention is appropriate, the Court "proceeds in two sequential stages." *Greco v. Bruck*, No. 21-1035, 2022 WL 1515375, at *2 (3d Cir. May 13, 2022). At the first stage, the Court must examine the underlying state court litigation to determine whether it falls into one of three categories of cases: (1) criminal prosecutions, (2) quasi-criminal state civil enforcement proceedings, and (3) "civil proceedings involving orders in furtherance of the state courts' judicial function." *See PDX N., Inc. v. Comm'r N.J. Dep't of Labor & Workforce Dev.*, 978 F.3d 871, 882 (3d Cir. 2020) (quoting

*ACRA Turf Club, LLC v. Zanzuccki*, 748 F. 3d 127, 138 (3d Cir. 2014)); *ACRA Turf Club*, 748 F.3d at 138 ("[T]he threshold requirement for applying *Younger* abstention is that the state civil enforcement proceeding must be 'quasi-criminal' in nature" (citing *Sprint*, 571 U.S. at 81)). Because Hill's criminal prosecution is the underlying state court litigation here, the first stage of the analysis is met.

At the second stage, courts consider three factors articulated by the Supreme Court in *Middlesex County. Ethics Committee v. Garden State Bar Association*, 457 U.S. 423, 432 (1982),[4] whether: (1) there is an ongoing state judicial proceeding; (2) the proceeding "implicates important state interests"; and (3) "there is an adequate opportunity . . . to raise constitutional challenges" in the state proceeding. *See PDX N.,* 978 F.3d at 883 (quoting *Middlesex Cnty. Ethics Comm.*, 457 U.S. at 432). Each of these factors is satisfied here. First, publicly available dockets reflect that there is an ongoing criminal prosecution in the Court of Common Pleas in Chester County. Second, the state proceedings implicate the important interest of enforcing the Commonwealth's criminal laws. Third, Hill has an opportunity to raise his constitutional challenges to the validity of the charges against him in the state proceedings. *See Jaffery v. Atl. Cnty. Prosecutor's Office*, 695 F. App'x 38, 40-41 (3d Cir. 2017) (*Younger* applied where "[t]here are ongoing state criminal proceedings in the Superior Court of New Jersey that are judicial in nature, the state proceedings implicate the important state interest in prosecuting criminal behavior, and the state proceedings provide [the § 1983 plaintiff] an opportunity to raise federal constitutional defenses to prosecution"); *Lazaridis v. Wehmer*, 591 F.3d 666, 670-71 (3d

---

[4] The United States Court of Appeals for the Third Circuit has noted that when the state court proceeding is quasi-criminal, the *Middlesex* factors must be met, but when the state-court proceedings are criminal, it is not necessary to consider the *Middlesex* factors. *See Samaritano v. New Jersey*, No. 24-1889, 2025 WL 1554932, at *2 n.1 (3d Cir. June 2, 2025). In an abundance of caution, the Court will nonetheless consider the *Middlesex* factors.

Cir. 2010) (*per curiam*) (explaining that *Younger* requires only an opportunity to present federal claims in state court, and the burden rests with plaintiff to show that state procedural law bars presentation of the claims (citing *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 14-15 (1987)). Further, Hill has not alleged, nor is there anything in the Complaint to suggest, that his claims fall within any of the narrow exceptions to the *Younger* doctrine. *See Stagliano v. Coll*, No. 22-2691, 2023 WL 3943732, at *4 (3d Cir. June 12, 2023) (*per curiam*) (affirming application of *Younger* doctrine where plaintiff failed to plausibly plead that the state criminal proceedings were "being undertaken in bad faith or for purposes of harassment," or some other extraordinary circumstances existed (quoting *Schall v. Joyce*, 885 F.2d 101, 106 (3d Cir. 1989)).

Because the state criminal proceeding affords Hill an opportunity to raise his constitutional challenges, and because the claims raised in the instant civil action appear to implicate rulings that will likely be made in the state proceeding, the Court will stay the remainder of this case until that proceeding has resolved.[5] *See Wallace v. Kato*, 549 U.S. 384, 393-94 (2007) ("If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." (citations omitted)); *Rex v. Fisher*, No. 12-4045, 2012 WL 3537846, at *1-2 (E.D. Pa. Aug. 15, 2012) (staying false arrest and illegal search claims for damages in light of pending criminal prosecution when plaintiff "ha[d] the opportunity to raise his Fourth-Amendment challenges in the course of his

---

[5] In the future, when the *Younger* stay is lifted, the Court may conduct additional screening of the remaining claims in the Complaint. 28 U.S.C. § 1915(e)(2)(i)-(iii) (providing that "the court shall dismiss the case at any time if the court determines" that the complaint is frivolous, fails to state a claim on which relief may be granted, or seeks damages from an immune defendant).

criminal proceeding."); *Zimmerman v. Leek*, Civ. A. No. 23-220, 2024 WL 3695334, at *3 (W.D. Pa. July 18, 2024) (holding that, because plaintiff was still awaiting trial on underlying arrest, his false arrest, false imprisonment, illegal search and seizure, and malicious prosecution claims were subject to *Younger* abstention), *report and recommendation adopted*, 2024 WL 3691889 (W.D. Pa. Aug. 7, 2024); *see also Borowski v. Kean Univ.*, 68 F.4th 844, 855 (3d Cir. 2023) ("[D]ismissal of a damages claim on abstention grounds is no longer permissible." (citation omitted)).

### III. CONCLUSION

For the foregoing reasons, the Court will grant Hill's Motion to Proceed *in forma pauperis*. All claims against Judge Lieberman, Attorney P.D. Redmond, the West Chester Police Department, and the Commonwealth of Pennsylvania will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Hill's requests for release from custody and the termination of certain Defendants' employment will also be dismissed with prejudice. The dismissal of his claims seeking release from imprisonment does not preclude Hill from challenging his criminal charges in state court or, if appropriate, by filing a petition for a writ of *habeas corpus* after exhausting state remedies. The relief sought in Hill's "Notice" at ECF No. 6 will be denied without prejudice.[6] All further proceedings with respect to the remaining claims in this matter,

---

[6] In ECF No. 6, Hill seeks to amend his Complaint to add Chester County Prison and its Warden as Defendants. Hill cannot proceed in this fashion because the Federal Rules of Civil Procedure do not contemplate piecemeal pleadings or the amalgamation of pleadings, even in the context of a *pro se* litigant. *See Bryant v. Raddad*, Civ. A. No. 21-1116, 2021 WL 2577061, at *2 (E.D. Pa. June 22, 2021) ("Allowing a plaintiff to file partial amendments or fragmented supplements to the operative pleading, 'presents an undue risk of piecemeal litigation that precludes orderly resolution of cognizable claims.'" (quoting *Uribe v. Taylor*, Civ. A. No. 10-2615, 2011 WL 1670233, at *1 (E.D. Cal. May 2, 2011)); *Brooks-Ngwenya v. Bart Peterson's the Mind Tr.*, No. 16-cv-193, 2017 WL 65310, at *1 (N.D. Ind. Jan. 6, 2017) ("Piecemeal pleadings cause confusion and unnecessarily complicate interpretation of a movant's allegations and intent[] . . . ."). If Hill wants to amend his complaint, he must do so consistent with the

including the screening of Hill's remaining claims for damages, will be stayed pursuant to *Younger*, 401 U.S. 37.  Hill may move to lift the stay when his state court criminal proceeding is finally resolved, including any appeals.  An appropriate Order follows.

**BY THE COURT:**

**/s/ John R. Padova, J.**

**JOHN R. PADOVA, J.**

---

Court's order.  Additionally, to the extent Hill seeks to add the Chester County Prison as a defendant, the Prison is not a proper party to a § 1983 action because it is not a "person." *Edwards v. Bucks Cnty. Corr. Facility*, Civ. A. No. 19-4923, 2019 WL 5579486, at *2 (E.D. Pa. Oct. 29, 2019) ("Bucks County Correctional Facility is not an entity susceptible to suit under § 1983."); *see also Cephas v. George W. Hill Corr. Facility*, Civ. A. No. 09-6014, 2010 WL 2854149, at *1 (E.D. Pa. July 20, 2010).  Moreover, Hill has not alleged any factual bases for establishing that the Warden was personally involved in the events that give rise to his claims, as would be required to state a claim against the Warden.  *Rode*, 845 F.2d at 1207.